**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William J Paynter,<br><br>    Petitioner,<br><br>v.<br><br>UBS Financial Services Incorporated, et al.,<br><br>    Respondents. | No. CV-21-02024-PHX-DJH<br><br>**ORDER** |

      Pending before the Court is the parties' Joint Motion to File Under Seal (Doc. 21). The parties seek to file under seal documents that they determined were confidential pursuant to an agreement (the "Agreement") made during settlement discussions.

      In the Ninth Circuit, there is a strong presumption that the public has right to access court documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a document from public view must give compelling reasons supported by specific factual findings. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A court's decision to seal certain records cannot be based in "hypothesis or conjecture." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Generally, compelling reasons exist when documents might become "a vehicle for improper purposes," such as the release of trade secrets. *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

      The parties have failed to convince the Court that compelling reasons exist to

peremptorily seal unspecified documents they believe are confidential. Indeed, the parties do not actually describe the documents they believe should be shielded from public view, and only insinuate that they "are the type of documents that merit protection from the public eye." (Doc. 21 at 7). Their Agreement, however, states "confidential" information includes "all" material not generally available to the public. (Doc. 21 at 7). The parties' "confidential" designation is thus much broader than the protections that may be afforded to documents sought to be used in public litigation in this Circuit. The Court will not grant a motion to seal based on such hypothesis or conjecture. *See Kamakana*, 447 F.3d at 1178.

The parties argue the fact that they have agreed certain information is confidential provides a sufficiently compelling reason to seal this information. But litigants do not overcome the "strong presumption in favor" of public access to court documents simply because they agree the public need not see something. *See Foltz*, 331 F.3d at 1135. There must be a compelling reason beyond the parties' wants, and the parties' Motion fail to provide one.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion to File Under Seal (Doc. 21) is **denied**.

Dated this 12th day of April, 2022.

Honorable Diane J. Humetewa
United States District Judge